Moving Party: <u>Defendant, Quick Med Claims, LLC</u>

Pamela Benne v. Quick Med Claims, LLC – Case No. 8:21-cv-00235

To assist the Court in more efficiently addressing the parties' discovery dispute(s), the parties shall meet and confer, and jointly complete the following chart. The purpose of this chart is to succinctly state each party's position and the last compromise offered when the parties met and conferred. The fully completed chart shall be e-mailed to chambers of the assigned magistrate judge.

The moving party is: <u>Quick Med Claims, LLC</u>

The responding party is: <u>Pamela Benne</u>

**Note:** If discovery from both parties is at issue, provide a separate sheet for each moving party.

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| Identities of witnesses contacted or interviewed by Plaintiff in connection with this matter. | Defendant seeks this information in order to prepare its defenses and further investigate Plaintiff's claims. | This information is not protected from disclosure. Nebraska federal courts have held that the identities of people interviewed by a party or its representatives does not constitute privileged information, nor does it constitute work product. | Many federal courts across the country have expressly recognized that the identities of potential witnesses *who are interviewed in contemplation of litigation* is protected work product. Plaintiff is willing to—and has—disclosed the identities of potential witnesses and what knowledge they are believed to have. | N/A | None. | Plaintiff shall identify the names of witnesses interviewed, the name of the interviewer, and the dates the interviews took place. |

1

Moving Party:   Defendant, Quick Med Claims, LLC

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| Recorded statements from witnesses that Plaintiff interviewed in connection with her case. | Defendant seeks this information for purposes of evaluating the substance of witness testimony and for potential impeachment. | Plaintiff must produce recorded statements she received from witnesses that she or her representatives contacted or interviewed. Like the identities of these individuals, the recorded statements are not protected by work product. Defendant does not seek notes or summaries of witness interviews prepared by Plaintiff's counsel – only recorded statements obtained by Plaintiff from third party witnesses. | This dispute is not ripe for resolution. Plaintiff has affirmatively stated in her discovery responses, including her privilege log, that she is not in possession of any recorded witness statements. | N/A | None. | Plaintiff is not in possession of any responsive documents. |

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| Documents that Plaintiff obtained from witnesses in connection with their interviews. | Defendant seeks these documents in order to evaluate the substance of the witness testimony and whether the documents contain information that supports Defendant's defenses. | Plaintiff must produce documents provided by third party witnesses, and her invocation of the work product doctrine to resist production is misplaced. The documents sought come from third party witnesses – they were not | Although case law exists to support Plaintiff's privilege objection in this instance, Plaintiff concedes that the overwhelming authority supports Defendant's | N/A | None. | Plaintiff is not in possession of any responsive documents, but shall supplement responses in the event documents are obtained. |

2

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | prepared by Plaintiff or her counsel in anticipation of litigation, nor do they reflect the mental impressions, conclusions, or legal theories of counsel. | position. However, Plaintiff has already stated that she has no documents responsive to this request in her possession. She will supplement her response in the event documents are obtained. | | | |
| The identities of Plaintiff's medical providers January 1, 2016 to present. | Defendant seeks the identities of Plaintiff's medical providers in order to subpoena medical records. This information is probative of the existence and/or degree of Plaintiff's emotional distress, Plaintiff's credibility, and the veracity of the representations Plaintiff made to the NEOC and EEOC. | Plaintiff put her medical records at issue by alleging she suffered emotional distress as a result of Defendant's alleged conduct. Plaintiff has represented in her discovery responses that she consulted with at least one treating physician about her alleged emotional distress. By pursuing this category of damages and acknowledging that she sought treatment related to her mental state, Plaintiff has put her medical history at issue. | Credibility, in and of itself, is not justification for sweeping discovery requests, as any information or document anywhere, *could* reflect on a party or witness's credibility. Additionally, with specific regard to Plaintiff's abandoned disability discrimination claims, there can be any number of legitimate reasons why a party abandons a claim originally raised in a | N/A | None. | Plaintiff shall identify medical providers from whom she consulted with or received care for emotional or mental health issues from August 1, 2016, to the present. |

3

Moving Party:   Defendant, Quick Med Claims, LLC

| | | | Plaintiff's medical records are also relevant to her credibility. Plaintiff represented in her NEOC and EEOC charges that she was disabled and was discriminated against on that basis. Defendant had no knowledge of any such disability during her employment, and Plaintiff has not pursued her disability discrimination claim through this action. Defendant seeks the records, in part, to evaluate whether Plaintiff's sworn representations regarding her disability status were truthful. | charge of discrimination. Further, at least one court in Nebraska has expressly found that a plaintiff *does not* put her psychological condition at issue by asserting garden variety claims of emotional distress. | | | |
|---|---|---|---|---|---|---|---|
| **Discovery Request at Issue** | **Relevant to prove...** | **Moving Party's Initial Position** | **Responding Party's Initial Position** | **Moving Party's Last Offered Compromise** | **Responding Party's Last Offered Compromise** | **Court's Ruling** |
| Documents and information concerning Plaintiff's litigation history | Defendant seeks this information in order to evaluate Plaintiff's credibility and possible motivation for bringing her claims against Defendant. | Under the federal rules, Defendant is entitled to information regarding any felony convictions or convictions for crimes involving dishonesty for a period of at least ten years. | Defendant has offered no explanation why—for example—personal injury lawsuits are at all relevant, or why—again, for example—cases in which Plaintiff was a | Defendant agreed to narrow the temporal scope of its requests to the past ten years, and it also agreed to excluded information | Plaintiff has not opposed description of criminal or bankruptcy proceedings subject to the limitations as described by Defendant. | For the last 10-years, Plaintiff shall disclose any felony convictions or convictions for crimes involving dishonesty; bankruptcy or |

4

| | | | | | | |
|---|---|---|---|---|---|---|
| | | Plaintiff's civil litigation history is also within the scope of discovery. For instance, information regarding claims asserted by Plaintiff against other former employers is probative of her credibility, especially considering Plaintiff has asserted, and withdrawn, certain claims against Defendant. Moreover, Plaintiff's involvement in bankruptcy proceedings and debt collection actions is also relevant and may bear on her motives for pursuing her this action.<br><br>Plaintiff's offer to provide only information regarding other instances wherein she asserted the same causes of action as those asserted in this case is not sufficient. | defendant are relevant for any other purpose than to unfairly discredit Plaintiff. In contrast, Plaintiff recognizes that claims for the same or substantially similar conduct as alleged against Defendant may arguably be probative of her credibility. | regarding minor traffic offenses | Plaintiff has also offered to disclose other litigation in which Plaintiff has asserted the claims at issue in this case. | <span style="color:red">administrative proceedings involving deception or veracity; and civil claims against former employers regarding employment discrimination, harassment, or retaliation.</span> |
| **Discovery Request at Issue** | **Relevant to prove...** | **Moving Party's Initial Position** | **Responding Party's Initial Position** | **Moving Party's Last Offered Compromise** | **Responding Party's Last Offered Compromise** | **Court's Ruling** |
| Plaintiff's tax returns from January 1, 2016 to present. | Defendant seeks these documents to evaluate Plaintiff's mitigation efforts with respect to her claims for wage | Plaintiff's tax returns are discoverable under the two-part test adopted by this court. | Plaintiff's tax returns are not reflective of Plaintiff's emotional state, and none of the cases Plaintiff's | N/A | Plaintiff has agreed to provide documents reflecting income received for work | |

5

| | damages, as well as the degree of Plaintiff's alleged emotional distress. | The first prong of the test asks whether the tax returns are relevant to the claims or defenses. Here, the information goes to whether Plaintiff has mitigated her damages through means other than typical wages reflected in W-2s. In addition, her financial circumstances prior to and following her resignation may be informative as to the degree of Plaintiff's alleged emotional distress.<br><br>After a showing of relevancy, the burden shifts to Plaintiff to show that the information is readily obtainable elsewhere. Plaintiff cannot make that showing. While Plaintiff has produced her W-2s, the information contained therein is not sufficient to allow Defendant to investigate Plaintiff's mitigation efforts and the degree of her alleged emotional distress. | counsel has reviewed with regard to the two-prong test described by Defendant address the analysis proposed by Defendant. This is especially true when, as previously noted, Plaintiff is claiming "garden variety" emotional damages, such that Plaintiff's wealth or financial circumstances are not relevant because the focus is simply on the loss of the job itself. | | performed beyond "typical wages reflected in W-2s", such as documentation reflecting income from self-employment (i.e. 1099s). | Plaintiff shall produce tax returns for the last 5-years (2018-2022), but may redact personal information as necessary. |

6

Moving Party:   Defendant, Quick Med Claims, LLC

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| Other documents and information reflecting Plaintiff's sources of income from January 1, 2018 to present. | Defendant seeks the information for purposes of evaluating the degree of Plaintiff's alleged damages, as well as her credibility. | Plaintiff takes the position that the only relevant source of income in this case is the traditional wages reflected in her W-2s. This narrow view is inconsistent with the broad scope of discovery under the federal rules.

It appears from Plaintiff's discovery responses that she has virtually no recent income from employment. Defendant is entitled to know whether Plaintiff is subsisting on other sources of income, as such information bears directly on the degree of her alleged emotional distress. For instance, Plaintiff's receipt of public assistance benefits – particularly unemployment payments or disability benefits – are relevant to Plaintiff's claims and alleged damages. Plaintiff's W-2s are not sufficient to provide Defendant an accurate | Defendant has provided no authority supporting its argument that Plaintiff has put her financial circumstances—in their entirety—at issue. Rather, Plaintiff has put the wages she has lost, and the emotional harm from losing those wages, at issue.

Plaintiff does not dispute that Defendant is entitled to evidence of Plaintiffs ability or failure to mitigate her damages. However, to attempt to use what many courts, including the 8th Circuit, have deemed collateral source evidence, namely unemployment benefits, to reduce | N/A | None. | As agreed by the parties, Plaintiff's tax returns for the last 5-years encompass this request. |

7

Moving Party:  Defendant, Quick Med Claims, LLC

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | and complete understanding of Plaintiff's financial circumstances, which she has placed at issue. | emotional damages is to attempt an end-around on the collateral source rule itself. | | | |
| Plaintiff's social medica activity related to her claims | Defendant seeks Plaintiff's social media publications related to her allegations and damages, as such information bears on her credibility and the sincerity of her claims. | Defendant seeks Plaintiff's social media publications concerning her emotional state and events in her life that could reasonably be expected to impact her emotional state, which are clearly within the scope of discovery. | Almost any social media post can be interpreted as some statement of emotional state, but whether that emotional state is actually reflective of the nature of Plaintiff's emotional damages is purely speculative, especially in light of Plaintiff's limitations of her claim to "garden variety" emotional damages. | In response to Plaintiff's overbreadth objection, Defendant agreed to narrow the temporal scope of its initial request to social media post created after the end of Plaintiff's employment. | None. | Plaintiff shall produce social media posts from March 2, 2020, to the present. |

8

Moving Party:   Defendant, Quick Med Claims, LLC

| Counsel for Plaintiff, Pamela Benne | /s/ Joshua Wunderlich |
| --- | --- |
| | Joshua Wunderlich, #24769 |
| Counsel for Defendant, Quick Med Claims, LLC | /s/ Nicholas B. McGrath |
| | Sarah J. Millsap, #23840 |
| | Nicholas B. McGrath, #26830 |

Date:  April 21, 2022.

4895-8198-2749, v. 1

DATED: April 22, 2022

BY THE COURT:

_____
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| PAMELA BENNE, | ) | |
| | ) | Case No. 8:21-cv-00235 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **SUMMARY OF DEFENDANT'S** |
| | ) | **POSITION ON DISCOVERY DISPUTE** |
| QUICK MED CLAIMS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Quick Med Claims, LLC ("Defendant" or "QMC"), pursuant to the Court's April 18, 2022 Order, submits this summary of Defendant's position with respect to certain discovery disputes in this matter.

## SUMMARY OF DEFENDANT'S POSITION

Plaintiff Pamela Benne ("Plaintiff") asserts claims of unlawful retaliation and discrimination on the bases of age and sex under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act. Plaintiff has impeded QMC's ability to develop its defenses to these claims by refusing to provide several key categories of information and documents in response to QMC's discovery requests. Specifically, Plaintiff objected to providing the following:

(A) The identities of witness interviewed in connection with Plaintiff's claims, any recorded statements provided by those individuals, and any other documents produced in conjunction with witness interviews;

(B) The identities of Plaintiff's medical providers since January 1, 2016;

(C) Plaintiff's litigation history;

(D) Plaintiff's tax returns since January 1, 2016 and other documents or information reflecting any income she received, including her receipt of public assistance benefits since January 1, 2018; and

(E) Plaintiff's social media posts related to her claims and alleged damages since March 3, 2020.

1

The number and scope of Plaintiff's objections to QMC's routine discovery requests is unusual and obstructive. The information QMC seeks is certainly within the broad scope of discovery contemplated by the Federal Rules of Civil Procedure. Each category bears on the questions of liability and the degree of Plaintiff's alleged damages, including her claim for emotional distress damages that she allegedly sustained as a result of QMC's action. The requests at issue are standard in most employment law cases.

The parties have attempted to resolve these discovery disputes without resort to judicial intervention. QMC sent Plaintiff a Rule 37 letter on January 18, 2022 after receiving her initial responses and objections to its written discovery requests. Plaintiff responded on February 10, 2022 and largely reiterated the objections set out in her initial discovery responses. On February 22, 2022, QMC sent Plaintiff another Rule 37 letter regarding the unresolved deficiencies in her discovery responses. Plaintiff responded and indicated that the parties were likely at impasse. On March 21, 2022, the parties met telephonically for a personal consultation in an effort to resolve the discovery disputes, but they were unable to reach an accord.

Accordingly, QMC requests that the Court require Plaintiff to produce complete responses to its discovery requests. Specifically, Interrogatory Nos. 1, 3, 6, 8, 9, and 15, as well as Requests for Production Nos. 10, 13, 17, 28, 29, and 33 (subparts 5 and 6).

Dated: April 21, 2022.

4882-3790-4925, v. 1

**CORNERSTONE**
**LAW FIRM**

Joshua P. Wunderlich
Direct Line: 816-581-4043
E-mail: j.wunderlich@cornerstonefirm.com

April 21, 2022

*VIA EMAIL ONLY TO*     nelson@ned.uscourts.gov

Hon. Michael D. Nelson
United States Magistrate Judge
Roman L. Hruska Federal Courthouse
111 South 18th Plaza, Suite 2210
Omaha, NE 68102

**Re: Benne v. Quick Med Claims, Case No. 8:21-cv-00235-RFR-MDN**
**Defendant's Request for Discovery Conference**

Dear Judge Nelson:

Pursuant to the Court's Order of April 18, 2022 (Doc. #17), Plaintiff Pamela Benne submits the following statement containing her position on the various discovery disputes at issue. Plaintiff addresses the major themes throughout the dispute herein and relies on the arguments contained in the joint discovery dispute chart for the remaining issues.

As can be noted throughout the brief filed by Defendant (Doc. #14) in support of its premature motion to compel as well as the parties' joint discovery dispute chart, Defendant's express purpose for much of the disputed discovery is to impeach Plaintiff's credibility. In support of this purpose, Defendant cites *Davis v. Ak-Sar-Ben Vill.*, No. 8:18CV101, 2020 WL 1332288, at *3 (D. Neb. Mar. 23, 2020) in its brief. ("It is axiomatic that a litigant may discover facts related to a witness' credibility.") (Doc. #14 at 9.) However, in raising this ubiquitous justification, Defendant disregards the remainder of the paragraph from which that assertion is taken:

> But the court cannot afford the parties the unfettered ability to probe into all aspects of a witness' veracity. If unchecked, "the areas to be probed to test a witness' credibility are virtually limitless." In order to fairly limit the scope of discovery, in the spirit of the federal rules, the court should consider several factors in evaluating whether credibility discovery is permissible. Those factors include: "(1) whether the prior acts in question demonstrate a propensity for deception; (2) the extent to which the prior act occurred in a context where there is a premium on veracity; (3) the lapse of time between the prior act and the trial testimony; (4) the relationship between the subject matter of the prior deceptive act and that of the instant

litigation and (5) whether the party seeking disclosure has a foundation for its inquiry."

2020 WL 1332288, at *3 (D. Neb. Mar. 23, 2020) (quoting *Barrett v. Reynolds*, No. 8:12CV328, 2014 WL 1223330, at *4 (D. Neb. Mar. 24, 2014)). In other words, Defendant cannot simply say that a particular document may call into question Plaintiff's credibility and expect to be entitled to obtain that document in discovery. Plaintiff contends this justification should be disregarded throughout Defendant's requests.

Additionally, many of the disputed requests specifically—or tangentially—seek the identities of those individuals from whom Plaintiff or her counsel have sought witness statements. Plaintiff has not objected to disclosing, and has in fact disclosed, those individuals whom she believes have discoverable information and what knowledge she believes they have. However, Plaintiff asserts that whether a particular witness's knowledge is worthy of additional inquiry is a mental impression formed in anticipation of litigation and is therefore work product. A number of courts around the country support this conclusion. *Com. of Mass. v. First Nat. Supermarkets, Inc.*, 112 F.R.D. 149, 152 (D. Mass. 1986) (quoting 4 Moore's *Federal Practice*, ¶ 26.57[2], pp. 26–167 n.2 (1984 ed.)); *Laxalt v. McClatchy*, 116 F.R.D. 438, 443 (D. Nev. 1987) (citing *Admiral Heating and Ventilating, Inc.*, 104 F.R.D. at 32); *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 270 F. Supp. 3d 220, 225 (D.D.C. 2017) (recognizing split of authority and determining "the better-reasoned cases" find the identities of interviewed witnesses should be protected); *United States v. Urb. Health Network, Inc.*, No. CIV. 91-5976, 1993 WL 12811, at *3 (E.D. Pa. Jan. 19, 1993); *McIntyre v. Main St. & Main Inc.*, No. C-99-5328 MJJ (EDL), 2000 WL 33117274, at *2 (N.D. Cal. Sept. 29, 2000); *Ferruza v. MTI Tech.*, No. SACV 00-0745 DOC, 2002 WL 32344347, at *3 (C.D. Cal. June 13, 2002); *Francisco v. U.S. Seafood*, No. CV06-885RSL, 2007 WL 2713031, at *2–3 (W.D. Wash. Sept. 14, 2007); *Plumbers & Pipefitters Nat'l Pension Fund v. Burns*, No. 3:05CV7393, 2011 WL 6415528, at *2 (N.D. Ohio Dec. 21, 2011); *Smalls v. New York Hosp. Med. Ctr. of Queens*, No. 13 CV 1257 (RRM), 2013 WL 12333083, at *2 (E.D.N.Y. Oct. 15, 2013).

Finally, Defendant seeks to dig through various private aspects of Plaintiff's life, including her medical care, her tax returns (and financial circumstances generally), and Facebook posts for the purpose of attacking her claim for emotional damages. However, in light of her restriction of her emotional damages to those of a "garden variety," the scope of Defendant's inquiry should be proportionally limited. For example, with regard to Plaintiff's medical treatment, the court in *Flores v. Tyson Foods, Inc.*, expressly states that "… a plaintiff does not place her physical or psychological condition at issue by asserting 'garden variety' claims for emotional distress damages …" No. 4:12CV3089, 2013 WL 1091044, at *4 (D. Neb. Mar. 15, 2013). Likewise, neither *E.E.O.C. v. Ceridian Corp.*, the case most cited for the two-part test for whether a party's tax returns are discoverable, nor its progeny seem to consider the person's emotional damage claim as part of the analysis. 610 F.Supp.2d 995, 997 (D. Minn. 2008).

Plaintiff appreciates the Court's consideration of these issues. Again, although additional disputes exist between the parties regarding Plaintiff's discovery responses, in light of the Court's limitation on the length of this statement, Plaintiff will reserve her remaining arguments to those raised in the joint chart submitted by the parties.

CORNERSTONE LAW FIRM

8350 North St. Clair Avenue • Suite 225 • Kansas City, MO 64151
Telephone: (816) 581-4040 • Facsimile: (816) 741-8889 • www.cornerstonefirm.com

Very Respectfully,

Joshua P. Wunderlich

CORNERSTONE LAW FIRM

8350 North St. Clair Avenue • Suite 225 • Kansas City, MO 64151
Telephone: (816) 581-4040 • Facsimile: (816) 741-8889 • www.cornerstonefirm.com